**IN THE UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| COLYNN SNOW, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:10-CV-229-J-25JRK |
| | : | |
| v. | : | |
| | : | |
| DUVAL COUNTY SHERIFF'S OFFICE; | : | |
| R.T. FRASER, C. WALL AND | : | |
| M.B. MCNAMEE, | : | |
| | : | |
| Defendants, | : | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, DUVAL COUNTY SHERIFF'S OFFICE, R.T. FRASER, C. WALL, and M.B. McNAMEE, pursuant to Fed. R. Civ. P. 41(b), hereby move to dismiss the Plaintiff's Complaint (Doc. 1). Plaintiff's Complaint fails to state claims upon which relief can be granted against these Defendants; therefore, the Complaint, should be dismissed under Fed. R. Civ. P. 12(b)(6).

**MEMORANDUM**

*A.   Motion to Dismiss Standard*

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). "The complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id., citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Thus, "to survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. [B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements' " of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." *Id.* at 1951. *See also, S.D. v. St. Johns County School Dist.*, 22 Fla. L. Weekly Fed. D7, 2009 WL 2381287 (M.D. Fla. 2009).

  **B.**  ***Claim Against the Duval County Sheriff's Office***

  The Plaintiff sues the Duval County Sheriff's Office[1] in this action.  The Duval County Sheriff's Office is not an entity subject to suit and therefore, the complaint fails to state a claim against the Duval County Sheriff's Office and must be dismissed.

  This is illustrated in *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), in which the Court affirmed dismissal of a claim brought against a county sheriff's department and explained "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held (internal citations omitted)." Furthermore, in *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989), where the Plaintiff sued the City of Miami Police Department, the Court struck that claim and explained that under Florida law "a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." *See also, Pierre v. Schlemmer*, 932 F.Supp. 278, 279-80 (M.D. Fla.

---

[1] The correct name for the law enforcement agency that is part of the consolidated City of Jacksonville government is the Jacksonville Sheriff's Office, referred to herein as the "JSO."

1996)(under Florida law a city police department is not an entity subject to suit).

This is further illustrated in *Bethel v. Escambia County Sheriff's Office*, 2006 WL 839184, *1 (N.D. Fla. 2006), where the Court dismissed a claim against the Escambia County Sheriff's Office and explained

> Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including sheriffs. Fla. Const. Art. VIII, §§1(a) and (d). However, no provision is made constitutionally or statutorily for a "Sheriff's office" as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Office given authority to be sued in such a name.

*See also, Mann v. Hillsborough County Sheriff's Office*, 946 F.Supp. 962, 970-71(M.D. Fla. 1996); *Cotton v. Polk County Sheriff's Office*, 2005 WL 2179768,*2 (M.D. Fla. 2005); *McMahon v. Hunter*, 2007 WL 1952906,*3 (M.D. Fla. 2007); *Lewis v. Escambia County Jail*, 2007 WL 1428727,*5 (N.D. Fla. 2007).

Based on the aforementioned cases, it is clear that the Duval County Sheriff's Office is not a proper party to this suit. The Duval County Sheriff's Office, like the police agencies noted in the aforementioned cases, is merely a department of the City of Jacksonville and not a separate entity subject to suit. As such, the Duval County Sheriff's Office is improperly sued and dismissal is appropriate.

C.      ***Claim Against Officers Wall, Fraser and McNamee***

Plaintiff asserts a claim against JSO Officers Wall, Fraser and McNamee for "false arrest, false imprisonment and malicious prosecution."[2] Plaintiff's complaint fails to state a claim for a

---

[2] Plaintiff's complaint is silent as to whether the claims against Officers Wall, Fraser and McNamee is brought against them in their individual or official capacities. This omission is likewise sufficient to dismiss the complaint. Nevertheless, it is assumed for the remainder of this memorandum that Plaintiff is suing these officers in their individual capacity.

federal civil rights violation on these grounds and should be dismissed.

It is apparent from the face of the Plaintiff's complaint that Defendants Wall, Fraser and McNamee are entitled to the defense of qualified immunity and dismissal thereunder is warranted. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S.__, 129 S.Ct. 808, 815 (2009). The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, and to protect from suit all but the plainly incompetent or one who knowingly violates federal law. *McCullough v. Antolini,* 559 F.3d 1201, 1205 (11th Cir. 2009). The availability of this defense for government officials is the rule; liability and trials for liability the exception. *Alexander v. Univ. of No. Fla.*, 39 F.3d 290, 291 (11th Cir. 1994). If the official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to show that the grant of qualified immunity is inappropriate. *McCullough*, *supra*. In order to defeat the government official's qualified immunity defense, the plaintiff must prove that (1) the official violated his federal constitutional or statutory rights, and (2) that those rights were clearly established at the time the officer acted. *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). It is apparent from the four corners of the complaint that Officers Wall, Fraser and McNamee were acting within the scope of their discretionary authority as government officials; therefore, the burden shifts to Plaintiff to show they are not entitled to qualified immunity– a burden he cannot overcome.

In determining whether qualified immunity exists in a civil rights claim for false arrest, false imprisonment or malicious prosecution, the issue is not probable cause in fact but arguable probable cause. *Rushing v. Parker*, 599 F.3d 1263, 1266 (11th Cir. 2010). A defendant need only demonstrate

that arguable probable cause existed in order to be protected by qualified immunity. *Id., citing Kingsland v. City of Miami,* 382 F.3d 1220, 1232 (11th Cir.2004) (noting that "officers who make an arrest without probable cause are entitled to qualified immunity if there was arguable probable cause for the arrest."); *see also Gold v. City of Miami,* 121 F.3d 1442, 1445 (11th Cir.1997). Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest. *Rushing*, 599 F.3d at 1266.

In reviewing Plaintiff's somewhat incomprehensible complaint, it is apparent that the officers clearly had arguable probable cause for his arrest. In the Plaintiff's complaint he acknowledges he had a gun in his pocket. (Doc. 1 at 2) Plaintiff goes on to state that Officer Fraser drew his gun and ordered Plaintiff to the ground multiple times which he refused. *Id.* The officers clearly had arguable probable cause to arrest Plaintiff for resisting an officer without violence. Florida Statutes §843.02 makes it a crime in Florida to "resist, obstruct, or oppose" a police officer. Clearly, when a police officer sees someone with the handle of a gun sticking out of their pocket, the officer is entitled to tell that person to get on the ground for his safety and to investigate further, and when that person resists or opposes that command there is arguable probable cause that they committed a violation under Fla. Stat. §843.02. *See e.g. N.H. v. State*, 890 So.2d 514, 516 (Fla. 3d DCA 2005)(juvenile who refused to give name and sit during police investigation was guilty of violation of §843.02; §843.02 "is intended to apply to any situation where a person willfully interferes with the lawful activities of the police.").

Since arguable probable cause is apparent from the four corners of the complaint, Plaintiff's claim against Wall, Fraser and McNamee is barred by qualified immunity and should be dismissed.

### D.     *Conspiracy Claim*

Plaintiff appears to attempt to assert a claim for "conspiracy" against all defendants by alleging "in accordance to the United States Title 18, §241 Conspiracy against ones rights is a federal crime."  18 U.S.C. §241 is a criminal statute which provides no civil remedy; therefore, this claim must be dismissed.  Likewise, plaintiff has asserted no facts that would give rise to a civil conspiracy claim.  In addition, any possible civil conspiracy claim is barred by the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine bars conspiracy claims against corporate or government actors accused of conspiring together within an organization.  *See  Rehberg v. Paulk,* ___ F.3d___, 2010 WL 2788199, * 19 (11th Cir.2010);  *Dickerson v. Alachua County Commission,* 200 F.3d 761, 767 (11th Cir.2000) ("[I]t is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself"); *Denney v. City of Albany,* 247 F.3d 1172, 1190 (11th Cir.2001) (applying intracorporate conspiracy doctrine to city, city fire chief, and city manager).  Where the alleged "conspiracy" only occurred only within a government entity, as is the case here, the intracorporate conspiracy doctrine bars such a claim.  *Rehberg*, *supra.*  For all the aforementioned reasons, Plaintiff's attempted conspiracy claim fails.

### **CONCLUSION**

In conclusion, Plaintiff's claim against the Duval County Sheriff's Office fails as a matter of law since the Duval County Sheriff's Office is not a legal entity subject to suit.  Likewise, Plaintiff's claim against Officers Wall, Fraser and McNamee is barred by qualified immunity since it is apparent from the four corners of the complaint that arguable probable cause existed for Plaintiff's arrest. Lastly, Plaintiff's conspiracy claim fails as a matter of law.

Respectfully submitted,

**CINDY A. LAQUIDARA**
**GENERAL COUNSEL**

/s/ *William B. Burkett*

**WILLIAM B. BURKETT**
Assistant General Counsel
Florida Bar No. 0173282
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone: (904) 630-1700
Wburkett@coj.net
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of August 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: Colynn Snow, Pro Se Plaintiff, 5949 Broken Arrow Drive, W. Jacksonville, FL 32244.

**CINDY A. LAQUIDARA**
**GENERAL COUNSEL**

/s/ *William B. Burkett*

**WILLIAM B. BURKETT**
Assistant General Counsel
Florida Bar No. 0173282
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone: (904) 630-1700
Wburkett@coj.net
Attorneys for Defendants