FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEP 16 PM 2:37

CLERK, US. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

COLYNN SNOW,

Plaintiff,

Case No.: 3:10-CV-229-J-25JRK

v.

DUVAL COUNTY SHERIFF'S
OFFICE, R.T FRASER, C.WALL
AND M.B MCNAMEE,

Defendants,

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Comes Now the Plaintiff, COLYNN SNOW, by and through pro se' and files this reply to Defendant's answer and in support thereof states:

**DEFENDANT'S, DUVAL COUNTY SHERIFF'S OFFICE, R.T FRASER, CHARLES Walls and M.B MCNAMEE,** represented by **CINDY A. LIQUIDARA,** GENERAL COUNSEL and Assistant General Counsel **WILLIAM B. BURKETT,** Attorneys for Defendant's in Fact, submitted an answer of motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b). In which Defendant's claim " plaintiff's complaint fails to state a claim upon which relief can be granted against these Defendant's", saying that the complaint should be dismissed under Fed. Civ. P. 12(b)(6).

The Plaintiff sues the DUVAL COUNTY SHERIFF'S OFFICE, officers et al, in accordance With the Conspiracy against ones rights U.S.C title 18 § 241 and civil rights violations 42 U.S.C 1983 no one is above the law, no one citizen have the right to abuse the law regardless of their office or position. This is illustrated in Mena v. City of Simi Valley, 332 F. 3d 1255 (9th Cir. 2003) this is one

illustration that states that police (or other governmental officials) may be personally liable for Violating a person's civil rights if they did not act reasonably and in good faith under the Circumstances.

The Plaintiff civil rights were violated and also abused with no limitations. Officer **J.T FRASER**, who forcefully and willfully harmed the plaintiff COLYNN SNOW. Without probable cause, his clear intent in violation of the law, which led to other officers playing along with such a role to commit unconstitutional misconduct against Plaintiff Colynn Snow. The plaintiff had not committed a crime, was not committing a crime and was not about to commit a crime. Finding facts will be given to jury when informed to do so. Therefore, Defendant's response does not apply to any or all that have claimed such as an answer to why plaintiff was approached In the first place as this officer was conducting his official duties with someone else. The individual officer's wrongfully used excessive force against the Plaintiff, then improperly arrested the Plaintiff making up false misleading reports to cover up Officers malfeasances.

## MEMORANDUM

Reply to:

A. *"Plaintiff never failed to state a claim"* according to Fed. R. Civ P. 8(a)(2)

Defendant's answer and in support thereof states which Requires " a short and plain statement" of the claim showing that the pleader is entitled to relief defendant's "quote". Plaintiff's complaint is short straight to the point in the form of a stated claim. DUVAL COUNTY SHERIFF 'S OFFICE at el, all forms, abbreviations, variations, and any fashions of any CAPITAL LETTERS, Upper Case, lower case of any and all said entity(s) that might exist in it's true meaning hereby Classified as all Defendant's and accomplices as is stated as a true claim against defendant's et al.

Reply to:

### B. *Claim Against the Duval County Sheriff's Office*

Duval County Sheriff's Office et, al is an entity, corporation that can be subject to a suit

See Alden v. Maine

> A State's constitutional privilege to assert its sovereign immunity
> in its own courts does not confer upon the State a concomitant right to
> disregard the Constitution or valid federal law. States and their officers
> are bound by obligations imposed by the Constitution and federal
> statutes that comport with the constitutional design.

A Complainant may be entitled to sue a public official or entity in a county other than that of his

Or it's official residence. One recognized exception allows suit to be brought if there is an

Invasion or threatened invasion of constitutional rights by agency action. Also See Williams v.

City of Lake City, 62 So.2d 732 (1953);

The (JSO) JACKSONVILLE SHERIFF OFFICE et al, is headed by the Sheriff, a Florida

Constitutional officer elected by the citizens of the county, in which plaintiff happens to

Reside. The Sheriff appoints his own senior staff from Under sheriff to Assistant Chiefs.

All sworn members of the (JSO) JACKSONVILLE SHERIFF OFFICE et al, may merely

Be a department of the city of JACKSONVILLE, but is not a separate entity in venue

Which are sworn in by the Sheriff and are considered under the Federal and Florida Constitution

to abide by that oath in which they have sworn to protect. Life, liberty and pursuit of happiness.

Reply to:

### C. *Claim Against Officers Wall, Fraser and McNamee*

Plaintiff claim against JACKSONVILLE OFFICERS WALL, FRASER, and MCNAMEE, is solid.

They are charged with false arrest, Conspiracy Against Rights. Florida law requires that arrests be made upon probable cause JACKSONVILLE SHERIFF DEPUTY (OFFICER FRASER) Badge no#. 7912 was conducting a traffic stop. In which plaintiff was not involved with. While the Plaintiff was walking down the street he was approached unexpectedly while ( JACKSONVILLE SHERIFF DEPUTY OFFICER) FRASER Badge no#. 7912 was conducting a traffic stop, Defendant Fraser stop attending to his affairs and approached Plaintiff, on plaintiff's own property with gun in hand ready to fire, finger on the trigger telling Plaintiff he's under arrest without any probable cause. Which is a violation of Plaintiff's rights secured under the constitution. In which Officer Fraser never seen plaintiff operating nor does he know the color of the vehicle or the description Of the person(s) operating one said machinery.

Reply to:

### D. *Conspiracy Claim*

In certain cases police violate an individual's rights in order to make an arrest during a criminal Investigation. Plaintiff case involves police misconduct and a conspiracy to coverer up their official misdeeds and their crimes. Plaintiff is aware of such malfeasance.

Which includes:
1. Violating the fourth Amendment during illegal search and seizures;
2. Making false misleading statements in a police report;
3. Giving false testimony or committing in a police report;
4. Failing to read Miranda warnings before an interrogation;
5. Police brutality or excessive force;
6. Conducting a search without a valid search warrant;
7. Making an arrest without a valid search warrant;
8. Racial Profiling;

A.

In Mapp v. Ohio, 367 U.S 643 (1961), the Supreme Court ruled that the **Fourth Amendment** applies to the states by way of Due Process Clause of the Fourteenth Amendment.

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Plaintiff was never giving a warrant for a search of his person, papers and effects, nor did plaintiff give permission for a reasonable search.

B.

**Making false misleading statements in a police arrest report;**

Deputy Fraser at the time claims in police report that plaintiff drove past Deputy playing Loud music while he was conducting a traffic stop, and the individual parked his car in A drive way and set for a moment, then got out the car and headed in the direction of the Deputy. Deputy based his probable cause on a traffic stop, once plaintiff was approached on false Pretense of a traffic stop, deputy called for his comrades to initiate a cover up. Officer Walls and Officer Fraser beat defendant on the ground while defendant was restrained took his affects wallet money firearm etc. from his person, took defendants license from his wallet, without permission ran a search, then charged defendant with Driving while License Suspended or Revoked, DUI, Sound to loud, Resisting Officer without violence, carrying a concealed weapon. A year later Lieutenant Walls tried to get another charge added to cover up his mistake as well By adding another resisting officer without violence to his or her person. Plaintiff remember On the night of August 16, 2008 when officer Fraser and Officer Walls were transporting Defendant downtown to lock up, these officers stopped in a dark and secluded area 2 blocks West of plaintiffs residence at a school called Timaquana Elementary. Plaintiff asked out Of fear for his life! Why are we stopping here? Officer Fraser Quoted we have to get our story Together and Lieutenant Walls was following him got out of his car and walked up to Fraser

Passenger side window and the began to discuss how they were going to word their report

To make their story's match, and if you look at the report that's exactly what they did.

Only they didn't write the arrest report Officer McNamee wrote the story word for word

According to what officers said with out question.

## *Conclusion*

According to Will v Michigan State Police, 491 US 58 (1989) Congress enacted § 1 of the

Civil Rights Act of 1871, 17 Stat. 13, the precursor to § 1983, shortly after the end of the Civil

War "In Response to the widespread deprivations of civil rights in the Southern States and the

inability or willingness of authorities in those States to Protect those rights or punish wrong

doers."

"Every person, under color of any statute, ordinance, regulation, custom, or usage, of any State

or Territory or The District of Columbia subjects, or causes to be subjected, any citizen of the

United States or other person within the jurisdiction thereof to the deprivation of any rights

Privileges, or immunities secured by the Constitution and laws shall be liable to the party injured

In action at law, suit in equity, or other proper proceeding for redress.

Plaintiff pray that the court moves forward with implementing justice according to the complaint

Which have been filed according to this here particular case.

Plaintiff COLYNN SNOW object to City of JACKSONVILLE SHERIFF OFFICE request to have

case dismissed.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of REPLY To Defendant's Motion To Dismiss was mailed first class, postage paid, this 16th day of September, 2010 to:

WILLIAM B. BURKETT,
Assistant General counsel for:
CITY OF JACKSONVILLE
117 WEST DUVAL STREET, SUIT 480
JACKSONVILLE, FLORIDA 32202

_____
COLYNN SNOW